

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~XXXX
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. 0-4568
Re: Is it necessary for
the Board of Equali-
zation of the Amarillo
School District to re-
view or re-check pro-
perty valuations pre-
viously made by the Board
when a member of the
Board resigns and a new
member is appointed to
fill the vacancy.

Your letter of April 28, 1942, submits for our opinion the following inquiry contained in attached letter to your department from Mr. Geo. M. Waddill, Secretary of the Amarillo Public School, from which letter we quote:

"We are having a resignation for our Board of Equalization and we would like to know the proper method of filling this vacancy.

"The Board has done some work in checking ground values but have not yet checked personal property valuations. Will you please ascertain from the Attorney General's office if it will be regular for the School Board now to appoint a man to fill this vacancy and should the Board continue their checking as though no change had been made or is it necessary for the Board with the new member to re-check all of the work that

has previously been done by the Board with
the member who is now resigning.

"Our Equalization Board is serving both
the Amarillo School District and the City
of Amarillo according to a rule from the At-
torney General's Department which we received
last year. We will appreciate a prompt reply."

Article 2791, Vernon's Texas Civil Statutes, pro-
vides for the appointment of a Board of Equalization by the
Board of Trustees and we advise that the thereunder, said latter
vacancy existing on the Board of Equalization even though,
under the facts stated, said Board has been theretofore en-
gaged in fixing the valuations of real property for tax pur-
poses but has not yet made such valuations of personal pro-
perty.

Upon such appointment being made to fill the exist-
ing vacancy on the Board of Equalization, it is our opinion
that said Board may proceed with its duties of fixing proper-
ty valuations for tax purposes, from the stage which has been
reached in such duties prior to the vacancy, and without the
necessity of re-checking or reviewing valuations which have
been made on any property of the district, either real or per-
sonal, prior to such vacancy. The Board of Equalization and
its work continues uninterruptedly despite changes in the per-
sonnel of such Board. The equalizing of property values for
tax purposes is an act and duty performed by the Board of
Equalization, as a Board and as an entity, and not be the var-
ious members of the Board in their individual capacities.
Hence, assuming that said Board is duly constituted and the
established principles governing the fixing of property valu-
ations are followed, valuations of property heretofore fixed
or equalized will stand as a quassi-judicial act and will not
be distrubed by the death or resignation of the individuals
performing such acts.

Honorable T. M. Trimble, page 3 0-4568

        Of course, the Board of Equalization has the
authority but is not required, to make changes in valu-
ations fixed on property either before or after the new
member if appointed.

        Trusting the foregoing fully answers the inquiry
submitted, we are

                        Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                    By        Pat M. Neff, Jr.
                                Assistant

PMN:ff--PAM

APPROVED MAY 21, 1942
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN